# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 25-2025C
(Filed: April 7, 2026)

|  |  |
|---|---|
| **THOMAS K. CULLERTON**, | ) |
|  | ) |
| *Plaintiff,* | ) |
|  | ) |
| v. | ) |
|  | ) |
| **UNITED STATES**, | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |

*Thomas K. Cullerton*, St. Augustine, FL, pro se.

*Albert S. Iarossi*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant. With him on the briefs were *Brett A. Shumate*, Assistant Attorney General, and *Patricia M. McCarthy*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC.

## ORDER

On April 3, 2026, the Court dismissed all of pro se plaintiff Thomas K. Cullerton's claims and entered judgment accordingly. ECF 33, 34. The same day, Mr. Cullerton responded with a flurry of filings and other submissions. He first filed a motion for reconsideration of the Court's opinion and order dismissing his claims, along with a "Notice of Newly Discovered Evidence . . . in Support of Pending Motion for Reconsideration" and two exhibits: (1) a report titled, "A More Than Just Parks Investigation: The U.S. Forest Service, Dismantled," and (2) the United States Forest Service's "FY 2027 Budget Justification." ECF 35, 35-1. He then submitted an "Emergency Ex Parte Motion to Seal and Redact" the Court's opinion and order of dismissal "to Protect Sensitive Health Information" and a "Notice of Supplemental Evidence" with a letter from the United States Office of Personnel Management (OPM) dated March 16, 2026—all of which the Clerk's Office rejected as defective and referred to the undersigned for consideration. His final April 3, 2026 submission to

the Court was a notice of appeal.[1]  ECF 36.  On April 6, 2025, Mr. Cullerton submitted another "Notice of Supplemental Evidence," attaching an email from OPM, which the Clerk of Court also rejected as defective and referred to the undersigned for consideration.

The Court will first deny Mr. Cullerton's motion to seal and redact, which specifically requests that the Court remove any mention of Mr. Cullerton's "specific medical conditions, VA disability percentages, and cognitive symptoms" from its public opinion and order dismissing his claims.  Under Rule 5.2 of the Rules of the United States Court of Federal Claims (RCFC), the only information required to be filed under seal is (1) an individual's full social security number or taxpayer identification number, (2) an individual's full date of birth, (3) a minor's full name, and (4) an individual's full financial account number.  RCFC 5.2(a).  That list does not include the health information Mr. Cullerton asks the Court to maintain under seal.[2]  Because there is a "strong presumption in favor of a common law right of public access to court proceedings," *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011) (citation omitted), this Court routinely publishes the type of health information Mr. Cullerton asks the Court to maintain under seal, *see, e.g.*, *Jimenez v. United States*, 179 Fed. Cl. 631 (2026); *White v. United States*, 179 Fed. Cl. 609 (2026); *Jeanpierre v. United States*, 176 Fed. Cl. 11 (2025).

Mr. Cullerton's motion for reconsideration—challenging only the Court's dismissal of his severance pay claim—must also be denied.  "Under [RCFC] 59(a)(1), a court, in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'"  *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)).  While Mr. Cullerton's motion is supported by what appears to be newly discovered evidence, it must nonetheless be denied because the new evidence does not disturb the Court's rationale for dismissing his severance pay claim.  *Cf. Rivera Agredano v. United States*, 76 Fed. Cl. 315, 319 (2007) (denying motion for

---

[1] While the filing of a notice of appeal generally divests a trial court of jurisdiction, a trial court retains jurisdiction—and the notice of appeal is ineffective—where, as here, a post-judgment motion for reconsideration is pending in the trial court.  *See* FED. R. APP. P. 4(a)(4)(A)–(B); Order Deactivating Appeal, *Borovicka v. United States*, No. 24-1429 (Fed. Cir. Feb. 2, 2024) (order deactivating appeal because a post-judgment motion for reconsideration was pending), Dkt. No. 2; *cf. Bd. of Trs. of Bay Med. Ctr. v. Humana Mil. Healthcare Servs., Inc.*, 123 F. App'x 995, 997 (Fed. Cir. 2005) (finding district court abused its discretion where it denied a post-judgment motion for reconsideration as moot in light of a subsequently filed notice of appeal; remanding for the district court to decide the motion on the merits).  The notice of appeal becomes effective when the motion for reconsideration is disposed of by the trial court.  FED. R. APP. P. 4(a)(4)(B)(i).

[2] In any case, the information Mr. Cullerton asks the Court to maintain under seal is from his own public filings, so even if the information were protected by RCFC 5.2(a), Mr. Cullerton would have waived his right to such protection.  RCFC 5.2(h) ("A person waives the protection of RCFC 5.2(a) as to the person's own information by filing it without redaction and not under seal.").

reconsideration in part because "plaintiffs' new evidence [wa]s irrelevant" to the challenged decision).

The Court dismissed Mr. Cullerton's severance pay claim because, under the applicable statute, he is eligible for a Minimum Retirement Age plus 10 (MRA+10) annuity; and under the applicable regulation, eligibility for the MRA+10 annuity renders him ineligible for severance pay. ECF 33 at 10–11 (first citing 5 C.F.R. § 550.704(b)(5); and then citing 5 U.S.C. § 8412(g)–(h)) (additional citations omitted). Some of Mr. Cullerton's new evidence indicates he is having trouble collecting an MRA+10 annuity due to administrative failures to process the requisite paperwork.[3] The undersigned is sympathetic to Mr. Cullerton's plight, but the proffered evidence of administrative ineffectiveness simply does not show that he is ineligible for an MRA+10 annuity.[4] The United States Court of Appeals for the Federal Circuit has decided it is one's *eligibility* for an applicable annuity, rather than the actual payment or election of the annuity, that renders a former federal employee ineligible for severance pay. *Rainey v. United States*, No. 23-1793, 2023 WL 8663078, at *2 (Fed. Cir. Dec. 15, 2023) (per curiam). The determinative facts—that Mr. Cullerton enrolled in the Federal Employees Retirement System (FERS), completed ten years' qualifying service, and was over fifty-six years and four months old at the time of his separation, ECF 33 at 10–11—remain undisputed.

Mr. Cullerton's other evidence in support of his reconsideration motion is similarly unavailing. The report titled, "A More Than Just Parks Investigation: The U.S. Forest Service, Dismantled," and the Forest Service's "FY 2027 Budget Justification" are offered to show that Mr. Cullerton's separation for the "efficiency of the service[]" was pretextual. As explained in the Court's opinion and order of dismissal, however, these arguments are properly within the province of the Merit Systems Protection Board (MSPB), not this Court. ECF 33 at 9–10.

As for OPM's March 16, 2026 letter, the correspondence simply documents that OPM recently reconsidered and approved Mr. Cullerton's application for disability retirement under FERS. Mr. Cullerton submits that the Court's failure to mention this previously unknown development constitutes "Manifest Error of Fact[.]" To be clear, the Court made no conclusions about OPM's *final* disposition on Mr. Cullerton's disability retirement claim. It simply recounted what the evidence then before the

---

[3] In particular, Mr. Cullerton asserts the government refuses to process a Standard Form 3100, (i.e., "Individual Retirement Record (Federal Employees Retirement System)"). ECF 35 at 1–3; USDA, PAYROLL PERSONNEL OUTPUT (PPO) (Apr. 17, 2018), *available at* https://perma.cc/P7R4-LHUL.

[4] Insofar as Mr. Cullerton moves for relief from judgment under RCFC 60(b)(3) on the theory that the government's failure to process his paperwork amounted to fraud, his motion is denied. "A motion under [RCFC] 60(b)(3) . . . requires the moving party to establish the misconduct by clear and convincing evidence." *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010) (quoting *Dynacs Eng'g Co. v. United States*, 48 Fed. Cl. 240, 242 (2000)). Mr. Cullerton's evidence of failure to process paperwork shows, at worst, administrative neglect or confusion, not fraud. Crucially, there is no proof of intent to deceive. *See Gulf Grp. Gen. Enters. Co. W.L.L. v. United States*, 114 Fed. Cl. 258, 341 (2013) (noting that federal common law fraud requires, among other things, intent to deceive).

Court showed (indeed, what the evidence before the court still shows): on October 22, 2025, OPM denied Mr. Cullerton's disability retirement claim.  ECF 33 at 3–4.  Regardless, OPM's ultimate reconsideration and approval of Mr. Cullerton's application for disability retirement under FERS does nothing to help him prove eligibility for severance pay.  On the contrary, this action by OPM seems to show Mr. Cullerton's eligibility for yet another annuity that would render him ineligible for severance pay (though the Court does not now make such a determination).[5] *See Rainey*, 2023 WL 8663078 (eligibility for disability retirement rendered former federal employee ineligible for severance pay).

Moreover, in addition to identifying an error in the challenged decision, "[a] motion for reconsideration must . . . be supported 'by a showing of extraordinary circumstances which justify relief.'"  *Biery*, 818 F.3d at 711 (Fed. Cir. 2016) (quoting *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004)).  The circumstances outlined in Mr. Cullerton's motion for reconsideration do not rise to that level.

For the foregoing reasons:

(1) The Clerk of Court is directed to **FILE** plaintiff's defective submission, "Emergency Ex Parte Motion to Seal and Redact April 3, 2026 Opinion and Order (ECF No. 33) to Protect Sensitive Health Information," as a "Motion to Seal and Redact [33] Opinion and Order";

(2) Plaintiff's Motion to Seal and Redact [33] Opinion and Order is **DENIED**;

(3) The Clerk of Court is directed to **FILE** plaintiff's defective submission, "Notice of Supplemental Evidence (Exhibit W)," as a "Supplement to [35] Motion for Reconsideration";

(4) The Clerk of Court is directed to **FILE** plaintiff's defective submission, "Notice of Supplemental Evidence (Exhibit Z) in Support of Motions for Reconsideration (RCFC 59) and Relief from Judgment for Fraud (RCFC 60(b)(3))," as a "Supplement to [35] Motion for Reconsideration"; and

(5) Plaintiff's Motion for Reconsideration (ECF 35) is **DENIED**.

It is so **ORDERED**.

s/ Armando O. Bonilla
Armando O. Bonilla
Judge

---

[5] The Court observes that Mr. Cullerton omitted the second page of the OPM letter—introduced by the header, "Interim Payments"—from his submission.